462 So.2d 224 (1984)
SUCCESSION OF Alice REMONT.
No. CA 83 1270.
Court of Appeal of Louisiana, First Circuit.
November 26, 1984.
*225 Richard J. Bouterle, Jr. and Edmond L. Deramee, Sr., Thibodaux, for plaintiff-appellant.
George J. Ledet, Jr., Cut Off, for defendant-appellee.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a judgment in favor of defendant-appellee, Thelma Guidry Bourgeois. Plaintiff-appellant, Alcide Remont, filed suit seeking to annul the probated olographic testament of his deceased sister, Alice Remont, and to probate a subsequent statutory testament executed by decedent. Defendant answered the suit and reconvened seeking to have the subsequent statutory testament declared null and void for defects in its form and for lack of testamentary capacity. The trial court, after a hearing on the merits, ruled that the statutory testament was invalid because it was not executed in compliance with the requirements of LSA R.S. 9:2442.[1]
The trial court in its reasons for judgment reached the following factual determinations. Decedent died testate on April 12, 1979. Prior to her death, Miss Remont executed an olographic testament dated September 15, 1970, naming defendant Bourgeois testamentary executrix and residuary legatee. At the time this testament was probated, November 26, 1979, the court was not aware of the existence of the subsequent statutory testament dated March 1, 1977. The statutory testament did contain a revocatory clause revoking all prior testaments.
*226 At the time decedent executed the statutory testament, she was eighty-two (82) years old and suffering from a broken hip. She had been hospitalized for some thirty (30) days, undergone an operation and was under heavy medication for much of the period immediately prior to the statutory testament being executed. The testament was prepared by a Lafourche Parish attorney at the request of plaintiff. The attorney who prepared the testament was unable to attend to its execution, and thus, a New Orleans attorney was enlisted to complete the task.
As noted by the trial judge, the evidence presented is at best confusing as to what actually transpired on the evening the testament was executed. The notary arrived at the Southern Baptist Hospital in the early evening hours of March 1, 1977, and had a discussion with Miss Remont. The notary testified that he read the document to decedent and then gave her a copy which she glanced at. It is uncertain as to whether anyone else was present at the time of this discussion. Miss Remont's two sitters were then asked to witness her signature. The trial court characterized the testimony of the notary concerning the formalities followed in executing the will as unsure.
Both the trial testimony and the deposition of the first witness, Mrs. Emma Coco, is conflicting. In her deposition, Mrs. Coco stated that she thought that she was witnessing the fact that Miss Remont was in her right state of mind. She could not at first remember if Miss Remont signified in anyway that the document being signed was her last will and testament or whether the notary even asked her to do so. Later in her deposition, Mrs. Coco stated that the decedent did not signify as to what she was signing. At trial, Mrs. Coco first testified that the decedent stated that she was changing her will, but then, on further examination she testified that decedent made so such statement.
The other witness, Mrs. Eva Mae Gould, was not present at trial but her deposition was introduced into evidence. In her deposition, Mrs. Gould also made conflicting statements as to whether decedent signified in any way that she was executing a last will and testament. In addition, Mrs. Gould stated that she did not see Mrs. Coco witness the document.
Exceptionally compelling proof of the nonobservance of the formalities must be presented to rebut the presumption of the validity of a will. Succession of Straggers, 254 So.2d 289 (La.App. 4th Cir.1971), application not considered 254 So.2d 617 (La.1971). We are of the opinion that no such showing has been made in this case. Although attestation clauses are not self-proving for purposes of probate, their primary purpose is to evidence that the statutory formalities had been satisfied at the time the will was executed. Succession of Porche, 288 So.2d 27 (La.1973). Given the fact that the testament in question contained an attestation clause drawn in compliance with the suggested form noted in LSA R.S. 9:2442, we are of the opinion that the testament is valid as to form. However, we are of the opinion, for reasons discussed below, that the statutory will is in fact invalid.
Although there was substantial evidence presented to show the lack of testamentary capacity of the testator, the trial court did not reach this issue due to its decision on the formalities issue. We are of the opinion that the interest of justice requires that we consider this allegation. Further, in that we have the entire record before us, to remand for this determination would not be in the interest of judicial economy. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).
We are aware of the fact that testamentary capacity is presumed, and that the burden of proving a lack of capacity at the time the will was executed is placed upon the person attacking the will. Succession of Clement, 402 So.2d 702 (La.App. 4th Cir.1981), writ denied, 407 So.2d 733 (La. 1981). We are of the opinion that defendant has met her burden.
As noted above, decedent was an eighty-two (82) year old woman suffering *227 from a broken hip and hospitalized for over thirty (30) days prior to the execution of the testament. One of the witnesses to the testament, Mrs. Gould, stated in her deposition that decedent appeared to be very disoriented on the day in question. Additionally, decedent's hospital records introduced into evidence reveals that decedent had been subjected to massive amounts of sedatives and painkillers during her hospital stay. It is the uncontradicted testimony of Dr. Manolito T. Seludo, the only expert to testify, which is the most persuasive in this court's opinion. Dr. Seludo, after describing the effects of each of the prescribed drugs and correlating the effects to the time periods in which they were administered, stated without qualification that decedent could not have been in a sufficient state of mind to adequately understand the consequences of what she was doing. We find that the totality of the circumstances in this case mandates a finding that the decedent lacked the requisite testamentary capacity.
Therefore, pursuant to the authority vested in us by LSA C.C.P. art. 2164 to render any judgment just, legal and proper upon the record on appeal, we hereby find the statutory testament of Alice Remont dated March 1, 1977, invalid for lack of capacity on the part of the testator. Costs are taxed to appellee.
AFFIRMED.
NOTES
[1] Prior to its amendment by Acts 1980, No. 744, & sect; 1, LSA R.S. 9:2442 read in pertinent part, "[i]n the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will ..." The noted amendment had the effect of changing this provision to read, "[i]n the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his last will ..."