FORET, Judge.
Lee M. Marcello filed suit to annul a statutory will executed by his deceased father, Oscar M. Marcello. At the conclusion of the evidence, the trial court held that the will was a valid statutory testament. Lee M. Marcello has appealed.
FACTS
Sometime prior to April 12, 1979, Oscar M. Marcello consulted his attorney, W.E. Hall, Jr., about preparing a will. After discussing the content of the will with Mar-cello, Hall prepared a two-page statutory will and forwarded a copy to Marcello to review prior to its execution. Marcello approved the will as drafted and thereafter executed the original will at Hall’s office on April 12, 1979. It is undisputed that Mar-cello executed the will in the presence of a notary public (Hall) and two witnesses. It is also established that prior thereto, Mar-cello affirmed that this document was his last will and testament and stated that he understood its contents. After Marcello’s death on July 11, 1984, it was discovered that the notary on the will (Hall) inadvertently signed his (Hall’s) name on page two of the will at the conclusion of the disposi-tive provisions on a line provided for the signature of Marcello, as testator. However, Marcello did sign at the bottom of page one of the will as well as underneath the attestation clause appearing at the end of page two, where the signatures of the witnesses and notary public also appear. See a copy of the will appended hereto. The last will and testament of Oscar M. Marcello was admitted to probate on June 27, 1985, and this litigation ensued.
ISSUE ON APPEAL
The issue presented for our consideration on appeal is whether or not the failure of the testator to sign immediately following the dispositive provisions of the will renders the will invalid. For the reasons hereinafter set forth, we affirm the decision of the trial court upholding the validity of the will in question.
APPLICABLE LAW AND JURISPRUDENCE
As noted by the trial court, the will in question is governed by the law in effect at the time of its execution. 1976 La.Acts, No. 333 was the last amendment to La.R.S. 9:2442 prior to April 12, 1979. It states, in pertinent part, as follows:
“§ 2442. Statutory will; form
A. Except as provided in Subsection B, the statutory will shall be in writing (whether typewritten, printed, mimeographed, or written in any other manner), and shall be executed in the presence of a notary and two competent witnesses not otherwise disqualified under Articles 1591 and 1592 of the Civil Code, shall be dated, and shall be made in the following manner:
(1) In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign his name at the end of the will and on each other separate sheet of the instrument. If the testator is not able to sign his name because of some physical infirmity, he must so declare or signify to the notary in the presence of *232 the witnesses as well as declare and signify the cause that hinders him from signing, and shall then affix his mark in the places were his signature is required. Express mention of the testator’s declaration or signification and of the cause that hinders him from signing his name must be made in the act.
(2) The foregoing facts shall be evidenced by a declaration signed by the notary and both witnesses in the presence of the testator and of each other in the following form or a form substantially similar thereto: ‘Signed on each page (or if not signed by the testator, the statement of his declaration or signification that he is not able to sign his name and of the physical cause that hinders him'from signing), and declared (or signified) by testator above named, in our presence to be his last will and testament, and in the presence of testator and each other we have hereunto subscribed our names on this _ day of-, 19_’ ”
Appellant contends that the testator must sign immediately following the dispositive provisions of the will and his failure to do so renders the will an absolute nullity. We disagree. To begin with, the statute simply states that the signature of the testator must appear “at the end of the will and on each other separate sheet of the instrument.” It does not state that the signature must appear prior to the attestation clause, and we decline to read into the statute a requirement that is not stated therein.
In Succession of Dugas, 400 So.2d 333 (La.App. 4 Cir.1981), writ denied, 404 So.2d 1257 (La.1981), the testatrix failed to sign immediately following the dispositive provisions of the will, but she did in fact sign following the attestation clause contained therein. In upholding the validity of the will, the court stated the following:
“It is ‘a basic principle of construction of wills, that the validity of a will is to be maintained if possible,’ Succession of Morgan, 1971, 257 La. 380, 242 So.2d 551, 553, and courts ‘will not require strict, technical and pedantic compliance in form_’ It would sacrifice substance to form, and reasonableness to hypertechnicality, to reject a will on the basis that the testator or testatrix’s signature was not ‘at the end of the will’ because a space of an inch intervened between the last dispositive clause and the signature (or because a typed, five-line attestation filled so small a space between last dispositive clause and signature). We reason that no such hyper-technical obstacle to willing one’s property was intended by the 1974 amendment of R.S. 9:2442. We believe that the only reasonable interpretation of the ‘end of the will’ requirement is the signature should be located after all dispositive clauses. The testatrix’s signature on this will is so located, notwithstanding that it is also located after the attestation. The will is not formally invalid because of the location of testatrix’s signature.”
Id. at 333-334.
While it is true that Dugas was controlled by the 1974 version of R.S. 9:2442, a review of the 1974 La.Acts, No. 246 reveals that the pertinent language is identical to that which is contained in 1976 La.Acts, No. 333.
In Succession of Guezuraga, 512 So.2d 366 (La.1987), the Supreme Court quoted the following from an article appearing at 25 Loy.L.Rev. 362:
“ ‘Where the departure from form has nothing whatsoever to do with fraud, ordinary common sense dictates that such departure should not produce nullity. It was the intent of the legislature to reduce form to the minimum necessary to prevent fraud. It is submitted that in keeping with this intent, slight departures from form should be viewed in the light of their probable cause. If they indicate an increased likelihood that fraud may have been perpetrated they would be considered substantial and thus a cause to nullify the will. If not, they should be disregarded. Thus testators and estate planners will have the security that the legislature intended to give them.’
Casenote, Donations — Imperfect Compliance with the Formal Requirements of *233 the Statutory Will, 371 (1968-69).” 25 Loy.L.Rev. 362,
CONCLUSION
The record is devoid of any evidence of fraud or undue influence, and it is clear that Oscar M. Marcello executed the will in question voluntarily and with full understanding of its contents. It was only through simple inadvertence that he did not sign at the conclusion of the dispositive provisions of the will. Accordingly, we uphold the validity of decedent’s last will and testament.
The judgment of the trial court is affirmed, and all costs of this appeal are assessed to Lee M. Marcello, appellant.
AFFIRMED.
APPENDIX
[[Image here]]
*234 [[Image here]]