DOMENGEAUX, Chief Judge.
Ollinee Edwards appeals the judgment of the trial court upholding the validity of his deceased mother’s last will and testament. Edwards contends the attestation clause contained therein does not comply with the requirements of La.R.S. 9:2442 B. We affirm.
The attestation clause at issue is reproduced as follows:
*1250 [[Image here]]
Appellant argues that the “split” declarations made by the testator and the witnesses and notary invalidate, the will for the following reasons: (1) the testator did not attest to the fact that the notary witnessed her signature, (2) the witnesses did not sign the testator’s attestation clause, and (3) the testator did not sign the attestation clause executed by the witnesses and notary.
La.R.S. 9:2442 B provides for the proper form of a statutory will. A valid statutory will does not require any of the factors characterized by appellant as deficiencies in this will. The testator need not sign the declarations attested to by the witnesses and notary, nor must the witnesses and notary sign the declarations attested to by the testator. There is also no requirement that the testator attest to the fact that the notary witnessed her signature. Further, it is well settled in Louisiana jurisprudence that a “split” attestation clause can be valid if it complies with the requirements *1251 of La.R.S. 9:2442. See Succession of Eck, 233 La. 764, 98 So.2d 181 (La.1957) and Succession of Guezuraga, 512 So.2d 366 (La.1987).
For the foregoing reasons, we affirm the finding of the trial court that the last will and testament of Mary R. Edwards, dated January 27, 1992, is in substantial compliance with the requirements of La.R.S. 9:2442 and is therefore valid. Costs of this appeal are assessed to appellant.
AFFIRMED.