806 So.2d 686 (2001)
SUCCESSION OF I.V. Joseph MANUEL.
No. 01-CA-498.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2001.
Writ Denied March 8, 2002.
*687 Bernard J. Bagert, Jr., Terence S. Ziegler, New Orleans, LA, Attorney for Appellants Rita Descant Manuel, Gerald Manuel and Mark Manuel.
Robert Angelle, Metairie, LA, Attorney for Appellees Jessica Laborde and Christopher Laborde.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and MARION F. EDWARDS.
JAMES L. CANNELLA, Judge.
Appellants, Rita Descant Manuel (Rita), Gerald Manuel (Gerald), and Mark Manuel (Mark), appeal from the trial judge's refusal to probate a notarial testament. We reverse and remand.
On October 18, 1999, the Decedent, L.V. Joseph Manuel, executed a statutory will. He named as legatees, his wife, Rita, and his two sons, Gerald and Mark. On November 12, 2000, the Decedent died. Christopher J. Laborde (Christopher), a minor, and Jessica Marie Laborde (Jessica), the children of Cynthia Manuel Laborde, Decedent's predeceased child, were excluded from any legacy. However, by the terms of the will, Christopher and Jessica inherit if Mark decides to sell the family home. In that case, Christopher and Jessica receive one-third of the sale proceeds.
On December 13, 2000, Appellants filed a petition to probate the testament, pursuant to La.C.C.P. art. 2851. As required by La.C.C.P. art. 2853, they also acknowledged the existence of a blank signature line in the will, which cast doubt on its validity. The petition further requested the trial judge to appoint an attorney to represent Christopher and Jessica.
After a contradictory hearing held on February 6, 2001 and March 20, 2001, the trial judge denied Appellant's petition to probate the testament based on the testator's missing signature on one line of the will.
On appeal, Appellants present nine issues for review. The first seven can be summarized as whether the trial court erred in not probating the will and whether Decedent's last will and testament was statutorily signed and thus meets the requirements of La. C.C. art. 1577. The last two issues involve the question of whether a proper notarial testament needs to be probated and ordered executed.
La.C.C. art. 1577 provides:
The notarial testament shall be prepared in writing and shall be dated and executed in the following manner. If the testator knows how to sign his name and to read, and is physically able to do both, then:
(1) In the presence of the notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall *688 sign his name at the end of the testament and on each other separate page.
(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this ____ day of ______, ____."
This article was enacted by the legislature in 1997, and took effect on July 1, 1999, basically replacing the old statutory will provisions.[1]
The will shows that Decedent signed all three pages of the will. He signed the first two pages on a signature line at the bottom, in accordance with law. However, on the third and final page, the notary inserted separate dispositive and attestation clauses. Signature lines are placed beneath each clause for two witnesses and Decedent. Although the witnesses signed under both clauses, Decedent failed to sign on the signature line following the dispositive clause, which states:
This is my Last Will and Testament, which I have signed, at the end and on each and every other separate page, on the date herein above stated, in the presence of the undersigned Notary Public and two witnesses, after due presentation and declaration by me, Testator, that this is my Last Will and Testament.
The attestation clause is placed after the dispositive clause and the signature lines beneath it. It declares:
Signed and declared by the Testator above-named on each and every page, in our presence to be Testator's Last Will and Testament, and in the presence of the Testator and each other, we have hereunto subscribed our names on this 18th day of October, 1999.
The Decedent signed the signature lines beneath this provision. Following the signed lines are the notary's signature, his printed name and designation as NOTARY PUBLIC, and the words "Page 3 of 3."
Appellants contend that the signature of Decedent on the last page of the will satisfies the requirements of form La.C.C. 1577. Appellees disagree, contending that the lack of signature following the dispositive clause invalidates the will, citing Succession of Porche, 288 So.2d 27 (La.1973).
Appellants cite several cases in their favor, including Succession of Morgan, 257 La. 380, 242 So.2d 551, 553 (1970), for the proposition that "the validity of a will is to be maintained if possible." See also: Porche, 288 So.2d at 30. Appellants are correct in arguing that Succession of Marcello, 532 So.2d 230 (La.App. 3rd Cir.1988) is on point. In Marcello, like in the instant case, the testator's signature was not present after the dispositive portion and the testator and two witnesses signed underneath a separate attestation clause marking the end of the will. The only difference in Marcello was that the testator's signature line under the dispositive clause was not blank, rather it was erroneously signed by the notary. Despite this fact, the Third Circuit upheld the will, finding the signature under the attestation clause sufficient under the statute in effect at the time.
*689 In Succession of Porche, cited by Appellees, the testator signed below the dispositive clause declaring the document to be his last will and testament. He did not sign following the attestation clause, which was only signed by the notary and two witnesses, and which stated that he had declared the instrument to be his will and had signed it in their presence. There, the court concluded that the will was valid despite the absence of the testator's signature under the attestation clause because (1) the testator signified that it was his will by signing in front of two witnesses and a notary; (2) the notary and witnesses signed in the presence of each other and the testator, confirming that testator signed; and (3) the wording was attested that elements one and two were followed. Porche, 288 So.2d at 28.
Appellees argue that Porche is in accord with their position because here, unlike in Porche, the testator failed to sign under the dispositive clause. They point out that the court's reason for validating the will in Porche was based on the determination that the attestation clause is designed as evidence that the statutory formalities, (Requirements 1 and 2), had been satisfied at the time the will was executed. The court stated: "When, in fact, the instrument as a whole shows that these formalities have been satisfied, we see no reason why technical variations in the attestation clausewhich is designed merely to Evidence compliance with the formalities should defeat the dispositive portions of an otherwise valid will." Porche, 288 So.2d at 29. Appellees interpret the case to hold, by implication, that, in order to satisfy the first element of the correct form for a notarial will, the testator must sign below the dispositive clause. Otherwise, the testator has not signified that it was his will.
In upholding the will in Porche, the Court observed:
In 1952, our legislature authorized the statutory will, adopting it from the common law, as a means of evading the rigid standards of form required of civil law testaments, any deviation from which caused a will to be declared null. The minimal formal requirements of the statutory will are only designed to provide a simplified means for a testator to express his testamentary intent and to assure, through his signification and his signing in the presence of a notary and two witnesses, that the instrument was intended to be his last will.

Porche, 288 So.2d at 30.
We find that Porche does not mandate an invalidation of the will here. First, "[a] primary purpose of our statute authorizing this type of will is to afford another and simplified means of making a testament whereby the authenticity of the act can be readily ascertained ..." Succession of Morgan, 242 So.2d 551, 552. As shown be the Revision Comments-1997, following C.C. art. 1577, the testator is not required to sign after the dispositive clause. The Comments state:
(a) This article reproduces the substance of R.S. 9:2442. It does not change the law.
(b) The testator need not sign after both the dispositive or appointive provisions of this testament and the declaration, although the validity of the document is not affected by such a "double" signature. The testator is disposing of property, appointing an executor or making other directions in the body of the testament itself. He need only sign at the end of the dispositive, appointive or directive provisions. The witnesses and the notary are attesting to the observance of the formalities; they need only sign the declaration.
(c) The testator's indication that the instrument contains his last wishes may *690 be given verbally or in any other manner that indicates his assent to its provisions....
The Decedent here signed his name at the end of the testament and on every other page. C.C. art. 1577(1) does not require any further signatures by him. As the notary and witnesses signed immediately after a clause substantially similar to that of La. C.C. art. 1577(2), the requirements for a notarial will are satisfied. Thus, we find that Decedent's last will and testament are valid.
In addition, we note that the statutory requirements are designed to prevent "fraudulent alteration" of a will. See: Morgan, 242 So.2d at 552 and Porche, 288 So.2d at 30. As argued by Appellants, by upholding Decedent's will in this case, a party wishing to perpetrate fraud could insert blank signature lines into a testament and thus invalidate it.
Appellees also argue that the will is invalid because the Court can infer that the witnesses signed before the Decedent signed on the second set of signature lines. Appellees draw the inference from the fact that the witnesses' signatures are beneath the first clause, but Decedent's is absent. Thus, they argue that he must have signed after the witnesses on the second signature line. We decline to draw that inference. It is impossible to tell who signed first since there is no evidence on this issue.
Finally, Appellants assert that, if the Court finds the will valid, under La.C.C.P. art. 2891, it does not need to be proved. The article states: "A notarial testament, a nuncupative testament by public act, and a statutory testament do not need to be proved. Upon production of the testament, the court shall order if filed and executed and this order shall have the effect of probate." Thus, Appellants are correct that the will need not be proved on remand.
Accordingly, the judgment of the trial court finding the will invalid is REVERSED, and the case is hereby REMANDED to the trial court for proceedings consistent with this opinion. Costs of this appeal are to be paid by Appellees.
REVERSED AND REMANDED.
NOTES
[1] The enacted article in similar to La. R.S. 9:2442, repealed effective July 1, 1999, which had established the form for a statutory will.