GUIDRY, J.
 

 | ¡Appellant, Sean Hanley, appeals from a trial court judgment (1) denying his rule as to why the original and supplemental will of Holly Siverd
 
 [1]
 
 should not be found null and revoked and as to why he should not be recognized as independent administrator of Holly Siverd’s succession and (2) confirming Edward DuFaur as executor of the last will and testament of Holly Siverd dated January 29, 2007. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Holly Siverd died on March 10, 2007. At the time of her death, she was married to Edward DuFaur. She had been married twice previously and had two children, Sean Hanley and Troy Hanley, who were born of the first marriage.
 

 On July 16, 2007, Sean and Troy Hanley filed a petition for administration and for appointment of an independent administrator in St. Tammany Parish. Sean Hanley was subsequently appointed to serve as independent administrator of the succession of Holly Siverd. However, on November 28, 2007, Edward DuFaur filed a petition for probate of last will and testament, asserting that Holly Siverd in fact died testate, having executed a last will and testament on January 29, 2007. The two matters were consolidated by order dated February 25, 2008.
 

 Thereafter, DuFaur filed a motion to amend petition for probate of last will and testament, asserting that another testament dated December 10, 2001, had been discovered and requested that the court amend the petition for probate of last will and testament to delete all references to the January 29, 2007 testament. The trial court granted DuFaur leave of court to file the amended petition, and on March 6, 2008, DuFaur filed an amended petition for probate of last will and testament referencing only the testament executed on December 10, 2001. Additionally, |aDuFaur filed a motion to vacate the appointment of an independent administrator, asserting that pursuant to the last will and testament of Holly Siverd, he is to be the testamentary executor of Holly Siv-erd’s estate. However, the trial court denied DuFaur’s motion.
 

 On March 28, 2008, DuFaur filed a motion to file a second amended petition for probate of last will and testament asserting that upon learning that counsel for Sean Hanley would contest the validity of the December 10, 2001 testament and oppose the motion to vacate, he now submits that there is no invalidity or defect in the January 29, 2007 testament and desires that said testament be submitted to the court and found by the court to be valid.
 
 *230
 
 DuFaur was granted leave of court to amend his petition, and on March 28, 2008, filed a second amended petition for probate of last will and testament referencing only the January 29, 2007 testament.
 

 Subsequently, on April 7, 2008, Sean and Troy Hanley filed a rule to show cause why the original and supplemental wills admitted to probate should not be found null and revoked and as to why Sean Han-ley should not be recognized as independent administrator of Holly Siverd’s succession. Following a hearing on Sean and Troy Hanley’s rule, the trial court signed a judgment on July 7, 2008, ordering that Sean and Troy Hanley’s rule be denied and ordering that DuFaur be confirmed as executor of the last will and testament of Holly Siverd dated January 29, 2007.
 
 [2]
 
 Sean Hanley now appeals from this judgment.
 

 DISCUSSION
 

 Mr. Hanley contends on appeal that the trial court erred in failing to find Holly Siverd’s January 29, 2007 testament absolutely null because the testament did not comply with the requirements of La. C.C. art. 1577. Specifically, Mr. |4Hanley contends that the January 29, 2007 testament is absolutely null because it does not contain a second attestation clause signed by the testatrix, Holly Siverd.
 

 Louisiana Civil Code articles 1577-1580 set forth the requirements of form for a notarial testament, which must be observed or the testament is absolutely null.
 
 See
 
 La. C.C. art. 1573. When, as here, the testatrix can sign her name and is physically able to do so, La. C.C. art. 1577 prescribes that the testament shall be executed in the following manner:
 

 (1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.
 

 (2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: “In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this _day of_,_”
 

 Accordingly, in order to be valid as to form, the testatrix must declare or signify in the presence of a notary and two witnesses that the instrument is her last will and testament; the testatrix must sign her name at the end of the testament and on each separate page; and the notary and two witnesses must sign a declaration in the presence of each other and the testatrix attesting that the formalities of Article 1577(1) have been followed.
 

 Further, the Revision Comments — 1997 following Article 1577 state:
 

 (a) This article reproduces the substance of R.S. 9:2442. It does not change the law.
 

 (b) The testator need not sign after both the dispositive or appointive provisions of this testament and the declaration, although the validity of the document is not affected by such a “double” signature. The testator is disposing of property, appointing an executor or making other directions in the body of the testament itself.
 
 He need only sign at the
 
 
 *231
 

 end of the dispositive, appointive or directive provisions. The witnesses and the notary are attesting to the observance of the formalities; they need only sign the declaration.
 

 ls(c)
 
 The testator’s indication that the instrument contains his last wishes may be given verbally or in any other manner that indicates his assent to its provisions.
 

 (Emphasis added.)
 

 From a plain reading of Article 1577 and the revision comments, the testatrix is only required to sign at the end of the testament and on each separate page.
 
 [3]
 
 Article 1577(1) does not require any further signatures, nor does it require a written declaration signed by the testatrix before a notary and two witnesses that the instrument is her testament.
 
 [4]
 
 As subpara-graph (c) of the revision comments states: “[t]he [testatrix’s] indication that the instrument contains [her] last wishes may be given verbally or in any other manner that indicates [her] assent to its provisions.” The notary and witnesses attest to the observance of this formal requirement, as well as the requirement that the testatrix sign her name at the end of the instrument and on each separate page, as indicated by their signatures following the attestation clause required by Article 1577(2).
 
 See Succession of Veal,
 
 257 La. 380, 385, 242 So.2d 551, 552 (1970);
 
 see also Succession of Remont,
 
 462 So.2d 224, 226 (La.App. 1st Cir.1984).
 
 [5]
 

 lfiThe first paragraph of the January 29, 2007 testament states that “I, Holly Siverd DuFaur, ... declare this to be my Last Will and Testament.” Because Holly Siv-erd signed at the end of the testament and on each separate page, and the instrument contains an attestation clause signed by the notary and two witnesses substantially similar to that contained in Article 1577(2), we find that the requirements for a notarial testament are satisfied.
 
 [6]
 

 See Succession of Manuel,
 
 01-498, p. 7 (La.App. 5th Cir.11/27/01), 806 So.2d 686, 690,
 
 writ denied,
 
 01-3363 (La.3/8/02), 810 So.2d 1163. As such, the trial court was correct in
 
 *232
 
 denying Mr. Hanley’s rule to show cause.
 
 [7]
 
 Further, because we find that the trial court was correct in denying Mr. Hanley’s rule, his arguments regarding the trial court’s refusal to reinstate him as independent administrator and the confirmation of Edward DuFaur as executor are moot.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be borne by the appellant, Sean Hanley.
 

 AFFIRMED.
 

 [1]
 

 . Though the decedent was married at the time of her death, the death certificate listed her as "Holly G. Siverd.” Therefore, we will refer to her in the opinion as Holly Siverd for consistency.
 

 [2]
 

 . On July 10, 2008, DuFaur again filed a motion to vacate the appointment of an independent administrator, which was granted by judgment dated August 27, 2008. However, this judgment is not part of the instant appeal.
 

 [3]
 

 . While statements contained in the official comments are not part of the statute and not binding on the court, the comments to the code article represent an extrinsic aid that assists in statutory interpretation.
 
 First National Bank of Picayune v. Pearl River Fabricators, Inc.,
 
 06-2195, p. 20 (La. 11/16/07), 971 So.2d 302, 314.
 

 [4]
 

 . Mr. Hanley cites to
 
 Succession of Simno,
 
 06-1169 (La.App. 4th Cir. 12/29/06), 948 So.2d 315, for the proposition that two attestation clauses are required for a testament to be valid. In
 
 Simno,
 
 the testator signed an attestation clause reading: “I hereby sign my name in the presence of the two undersigned competent witnesses and notary public affirming that this is my last will and testament on the date aforementioned above.” However, there was no signature by the notary and two witnesses to this clause or any other clause purporting to be an attestation clause as required by Article 1577(2). In finding the testament invalid for lack of an attestation clause signed by a notary and two witnesses, the fourth circuit stated that Article 1577 requires two attestation clauses, one by the testator and one by the notary and two witnesses, and an attestation clause signed by the testator cannot be a substitute for the attestation clause required by Article 1577(2).
 
 Sim-no,
 
 06-1169 at p. 4, 948 So.2d 317. However, to the extent that
 
 Simno
 
 states that Article 1577 requires two attestation clauses, we reject the fourth circuit’s reasoning as contrary to the plain wording of Article 1577 and the revision comments.
 

 [5]
 

 . The above cited cases were decided before the enactment of Article 1577; however, the requirements for a statutory will were the same under the repealed statutes discussed in those cases.
 

 [6]
 

 . Mr. Hanley acknowledges that the attestation clause in the January 29, 2007 testament, which is signed by the notary and two witnesses, satisfies the requirement of Article 1577(2).
 

 [7]
 

 . We note that the January 29, 2007 testament specifically revoked all prior wills, which would include the testament dated December 10, 2001.