# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 22-249

## SUCCESSION OF ELMER EUGENE FAULK

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 60696
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## SYLVIA R. COOKS
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Charles G. Fitzgerald, and Gary T. Ortego, Judges.

**AFFIRMED.**

Russell J. Stutes, Jr.
Shelley Bouillion
Stutes & Lavergne, LLC
600 Broad Street
Lake Charles, LA  70601
(337) 433-0022
COUNSEL FOR APPELLEE:
    Jessica Lou Parra


Bernard R. Minyard
Daniel J. Finch
Randazzo, Giglio & Bailey, LLC
900 East St. Mary Street
Lafayette, LA 70503
P.O. Box 51347
Lafayette, LA  70505-1347
(337) 291-4900
COUNSEL FOR APPELLANTS:
    Naomi Jean Boulet, Joshua Lonnie Faulk and Hannah Lee Faulk

**COOKS, Chief Judge.**

This appeal involves the trial court's dismissal of a Petition to Annul a notarial testament. For the following reasons, we affirm the judgment of the trial court.

### FACTS AND PROCEDURAL HISTORY

This matter arises out of the death of Elmer Eugene Faulk, who passed away on March 5, 2021. Mr. Faulk was married once, to Romy Jean Tate Mobley, which marriage ended in divorce. Three children were born during the marriage, Naomi Jean Boulet, Joshua Lonnie Faulk and Hannah Lee Faulk (hereafter referred to as Appellants), all of whom survived Mr. Faulk.

On April 21, 2009, Mr. Faulk executed a Last Will and Testament (hereafter referred to as the Will). The Will expressly provided that Mr. Faulk intended to "make no provision for his children." He left his estate solely to his niece, Jessica Lou Parra. After Mr. Faulk died intestate on March 5, 2021, the 2009 Will was ordered filed and executed by the trial court on March 22, 2021. Ms. Parra was appointed to serve as Executrix of the succession in accordance with the terms of the Will.

On July 14, 2021, Appellants filed a Petition to Annul Probated Testament, asserting the Will was null and void because it lacked a formality requisite of a valid notarial will. Specifically, Appellants argued the Will "is absolutely null because it contains no attestation clause and therefore does not comply with the requirements of form for a notarial testament under Article 1577 of the Louisiana Civil Code." Ms. Parra countered that the Will contains the necessary components of an attestation clause under La.Civ.Code art. 1577 and is valid under Louisiana law.

A hearing on Appellants' Petition to Annul was held on February 15, 2022. The trial court found the Will contained an attestation clause similar to that set forth in La.Civ.Code art. 1577 and is valid. All claims set forth in Appellant's Petition to Annul were dismissed with prejudice. Appellants timely filed a suspensive appeal

on March 18, 2022, asserting the trial court erred in finding the Will met the legal requirements of La.Civ.Code art. 1577. Appellants also assigned as error the trial court's conclusion that the Will was valid, finding that its execution was not an irrational act by the decedent.

**ANALYSIS**

*I.* *Did the Will Meet the Legal Requirements for a Notarial Testament?*

Currently, there are two forms of testaments in Louisiana. La.Civ.Code art. 1574. The olographic testament is handwritten, dated, and signed by the testator. La.Civ.Code art. 1575. The notarial testament must be executed in accordance with the formalities of La.Civ.Code arts. 1577 through 1580.1. La.Civ.Code art. 1576. This matter concerns a notarial testament, which must be written and notarized. Appellants contend that the Will in question did not substantially comply with the formality requirements of La.Civ.Code art. 1577, which states as follows:

> The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:
>
> (1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.
>
> (2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this ___ day of _____, ___."

Louisiana Civil Code Article 1577 provides that a notarial testament "shall" be executed in a certain manner. The word "shall" is mandatory. La.R.S. 1:3. In order to be valid as to form, (1) the testator must declare or signify in the presence of a notary and two witnesses that the instrument is his last will and testament; (2) the testator must sign his name at the end of the testament and on each separate page; and (3) the notary and two witnesses must sign a declaration in the presence of each

other and the testator attesting that the formalities of La.Civ.Code art. 1577(1) have been followed. *Succession of Siverd*, 08-2383, 08-2384 (La.App. 1 Cir. 9/11/09), 24 So.3d 228. "A material deviation from the manner of execution prescribed by statute will be fatal to the validity of the will." *Succession of Roussel*, 373 So.2d 155, 157 (La.1979). A clear reading of La.Civ.Code art. 1577(2) shows that the article provides an example of language that will satisfy this provision, but also plainly states that language "substantially similar" will suffice to meet form requirements.

An examination of Mr. Faulk's Will reveals it meets the requirements of the introductory paragraph of La.Civ.Code art. 1577 as the Will is in writing and is dated 4/21/2009. The requirements of La.Civ.Code art. 1577(1) are also met as the Will specifically states on two occasions that it is Mr. Faulk's "Last Will and Testament" and it is signed by Mr. Faulk at the end of the one-page testament. These conclusions are not contested on appeal. At issue is Appellant's argument that there is no language "substantially similar" to the attestation clause language contained in La.Civ.Code art. 1577(2) so as to make the Will valid. We disagree.

A review of the Will shows it contains the individual parts of a valid attestation clause. The Will contains a statement that Mr. Faulk signed the document "IN WITNESS WHEREOF" as his Last Will & Testament on April 29, 2009. That statement is followed by Mr. Faulk's signature and the signature of the witnesses. The Will concludes with a statement that the document was "SWORN AND SIGNED, in *triplicate*, this 21 day of April, 2009, in Lake Charles, Calcasieu Parish, Louisiana, before me (the notary), and in the presence of the Testator, and two competent witnesses, after reading of the whole." The Will plainly states the document was signed by the testator in the presence of the notary and two witnesses, and the signatures of all four are present on the document. Accordingly, the Will meets all the formalities required by La.Civ.Code art. 1577.

4

The jurisprudence also supports the finding of a valid will in this instance. The Louisiana Supreme Court has stated a notarial will is valid "as long as it is in *substantial compliance* with the requirements of the statute designed to protect against fraud and to ensure that the testament is an accurate reflection of the testator's wishes." *Succession of Hebert*, 12-281, p. 4 (La.App. 3 Cir. 10/3/12), 101 So.3d 131, 135. Louisiana law mandates a presumption in favor of the validity of testaments in general. The jurisprudence directs courts to liberally construe and apply the provisions governing notarial testaments, maintaining the validity of a testament if possible, as long as it is in substantial compliance with the codal provisions. *In re Succession of Holbrook*, 13-1181 (La. 1/28/14), 144 So.3d 845; *Succession of Guezuraga*, 512 So.2d 366 (La.1987). The Louisiana Supreme Court in *Succession of Liner*, 19-2011, p. 4 (La. 6/30/21), 320 So.3d 1133, 1137, noted "because the purpose of an attestation clause is merely to 'evince the facts and circumstances of the confection and execution' of a will, the form of an attestation clause is not 'sancrosanct.' *Succession of Morgan*, 257 La. 380, 242 So,2d 551, 552 (1970); *see also Succession of Porche*, 288 So.2d 27, 29-30 (1973)." The court in *Liner* stated that courts "must determine [whether] a notarial will, with all formalities and evidence taken into consideration, reflects the testator was sufficiently protected against the risk of fraud." *Id.* at 1138. Courts must "construe the attestation clause liberally to determine whether it sufficiently evinces the requisite formalities to serve the protective function of guarding against the risk of fraud." *Id.* The *Liner* court cited approvingly language from *Succession of Bilyeu*, 28,701 (La.App. 2 Cir. 9/25/96), 681 So.2d 56, 59, wherein the appellate court stated "when the instrument shows that the formalities have been satisfied, technical deviations in the attestation clause should not defeat the dispositive portions of an otherwise valid will." *Id.* If the departure of form is slight and not indicia of fraud, it "should be disregarded." *Id.*

We agree with Ms. Parra that the cases cited by Appellants both predate *Liner* and also present situations where the will in question either entirely omitted the attestation clause or contained only a standard notarial acknowledgment and failed to state that the document in fact was the last will and testament of the testator.

A reading of *Liner* plainly requires this court to view Mr. Faulk's Will as a whole and any departures from the requisite formalities will have no effect absent a showing of fraud. In the present case, there is no evidence of fraud, mistake or lack of authenticity. While the undersigned notary did split the attestation clause language at different parts in the Will, the code only requires that the language contained in the will be substantially similar to that supplied in La.Civ.Code art. 1577(2). The court in *Liner* was clear that "the form of an attestation clause is not 'sacrosanct.'" *Liner*, 320 So.3d at 1137. A review of the Will establishes the language was substantially similar to that supplied in La.Civ.Code art. 1577(2) and all required parties signed at the bottom of the one-page testament. The trial court did not err in finding that Mr. Faulk's April 21, 2009 notarial testament was valid.

## II.  *Remaining Assignments of Error.*

Appellants argue the trial court erred in ruling the Will valid based on its finding that it was not an irrational act by the decedent and that the Will was valid based on a finding that the Will was what the decedent wanted. In its Reply Brief, Appellants clarify that the only challenge it makes to the trial court's judgment is that the Will did not comply with the legal requirements of La.Civ.Code art. 1577. Appellants explained:

> Again, the Testament is being challenged based on its failure to comply with the legal requirements of La.Civ.Code art. 1577. The issue before the trial court was neither that decedent was being irrational at the time of execution of the Testament nor that the Testament was not what the decedent wanted. There was zero argument or evidence presented by either party as to either of these two matters. . . . Therefore, even if the Trial Court could conclude, without argument or evidence, that the Testament expressed the intent of the decedent, such a ruling again has

no bearing on whether the Testament adheres to Louisiana's legal requirements for notarial testaments.

Having found the Will met the legal requirements of La.Civ.Code art. 1577, these assignments of error are rendered moot.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Appellants, Naomi Jean Boulet, Joshua Lonnie Faulk and Hannah Lee Faulk.

**AFFIRMED.**