BROWN, Chief Judge.
| lAppellant, Anthony Smith, has appealed from the judgment of the trial court nullifying decedent’s last will and testament for failure to conform with the formal requirements of La. C.C. art. 1577. For the following reasons, we affirm.

Facts and Procedural Background

On October 12, 2012, Henry Smith (decedent) executed a will prepared by Wilbur Purvis, a notary, bequeathing several movable and immovable properties to his wife and children, the majority of which was bequeathed to his son, Anthony Smith. Present at the signing were Bertha Smith, decedent’s wife, Anthony Smith, Mr. Pur-vis, and witnesses Lorice and Jesse Pip-kins.
Decedent died on October 17, 2012. Subsequent to decedent’s passing, Anthony retained counsel to open succession proceedings. In response to this, Anthony’s siblings, Henry Smith, Jr., Bob Smith, and Louveda McClain, as well as his mother, filed an opposition to the probate of the will. Petitioners argued that the will was invalid based on decedent’s inability to read and write, sign his name, and comprehend the nature of the purported will, the fact that decedent’s name was not signed on each page of the testament in the presence of the witnesses and notary as required by La. C.C. art. 1577, and the fact that the testament was not read to decedent in accordance with La. C.C. art. 1579.
Trial on the merits was held on May 20, 2013. Testimony was given by the following witnesses: Mr. Purvis, Mr. and Mrs. Pipkins, Anthony Smith, Monroe McClain, Jr. (decedent’s grandson), Bob Smith and his wife, | ^Shirley, Henry Smith, Jr., Lou-veda McClain, and Bertha Smith. Mr. Purvis, Mr. and Mrs. Pipkins, and Anthony Smith all testified that Mr. Purvis twice read the contents of the will to decedent, that decedent verbally acknowledged that he understood the will, and that he personally signed his name on the will. Mr. and Mrs. Pipkins acknowledged that they did not have a copy of the will to follow along as Mr. Purvis read it to decedent, as required by La. C.C. art. 1579[1] when the *919 testator is unable to read. Nonetheless, Anthony Smith testified that decedent did have the ability to read and write.
|sIn contradiction, the remaining witnesses all testified that decedent was illiterate and that, although he could sign his own name, they did not believe that he had the physical strength to execute the document under his own power. These witnesses, however, admitted that they were not present on the date that the will was executed.[2]
After hearing testimony and reviewing post-trial briefs, the trial court ruled in favor of petitioners, nullifying the Last Will and Testament of Henry Smith. In particular, the trial court found that the will failed to meet the formal requirements of La. C.C. art. 1577, as there was no attestation clause accompanying the signatures of the notary and witnesses. Based on this finding, the trial court pretermitted ruling on whether decedent had the ability to read. Anthony Smith has appealed from the trial court’s judgment.

Discussion

Appellant contends that decedent substantially complied with the formality requirements of La. C.C. art. 1577, as the will was in writing, dated, signed in the presence of the notary and two witnesses, and it contained an attestation clause substantially similar to the one set forth in the statute.
La. C.C. art. 1577 states:
The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.
|4(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: “In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this _ day of *920 _,_” (Emphasis added).
The attestation clause that appellant argues is substantially similar reads as follows:
In testimony whereof, I hereby sign my name to this my Last Will and Testament, having initialed each page, in the presence of competent witnesses whose names are signed by them hereto all of said parties appearing before the Notary on this 12th day of October, 2012, in Keatchie, DeSoto Parish, Louisiana.
Witnesses:
_(signed)
_(testator signed)
_(signed)
_(notary signed)
In order for a notarial testament to be valid as to form: (1) the testator must declare or signify in the presence of a notary and two witnesses that the instrument is his last will and testament; (2) the testator must sign his name at the end of the testament and on each separate page; and (3) the notary and two witnesses must sign a declaration in the presence of each other and the testator attesting that the formalities of La. C.C. art. 1577(1) have been followed. Succession of Siverd, 08-2388, 08-2384 (La.App. 1st Cir.09/11/09), 24 So.3d 228. A material deviation from the manner of execution prescribed by the code will be fatal to the validity of the testament. In re Succession of Dunaway, 11-1747 (La.App. 1st Cir.05/02/12), 92 So.3d 555. Although the form of an attestation clause for a | ¡¡notarial will is not sacrosanct, there must be an attestation clause, or clause of declaration signed by the witnesses and the notary. In re Succession of Richardson, 05-0552 (La.App. 1st Cir.03/24/06), 934 So.2d 749, writ denied, 06-0896 (La.06/02/06), 929 So.2d 1265. Where a will is merely notarized, such as a notary’s signature under a general “sworn and subscribed” clause, but there is no declaration signed by the notary, such a clause is not in compliance with La. C.C. art. 1577. In re Succession of Dunaway, supra.
As in the case sub judice, in In re Succession of Simno, 06-1169 (La.App. 4th Cir.12/29/06), 948 So.2d 315, the final paragraph of the will read, “I hereby sign my name in the presence of the two undersigned competent witnesses and notary public affirming that this is my last will and testament on the date aforementioned above.” The Simno court found that the final paragraph was an attestation clause of the testator, not the notary or witnesses, and that an attestation clause of a testator cannot be substituted as an attestation clause for the notary and witnesses. Thus, the court held that the will had been properly declared null for its failure to comply with La. C.C. art. 1577(2).
As the Simno court found, we conclude that the paragraph that appellant asserts is the attestation clause required by La. C.C. art. 1577(2) is actually the attestation clause of the testator. The instrument is devoid of any attestation clause or clause of declaration signed by the witnesses and notary. This defect invalidates the will. As such, the trial court properly nullified the last will and testament of Henry Smith.
| ^Conclusion
For the aforementioned reasons, the judgment of the trial court nullifying the last will and testament of Henry Smith due to improper form is affirmed.

. La. C.C. art. 1579 states:
When a testator does not know how to read, or is physically impaired to the extent that he cannot read, whether or not he is able to sign his name, the procedure for execution of a notarial testament is as follows:
(1) The written testament must be read aloud in the presence of the testator, the notary, and two competent witnesses. The witnesses, and the notary if he is not the person who reads the testament aloud, must follow the reading on copies of the testament. After the reading, the testator must declare or signify to them that he heard the reading, and that the instrument is his testament. If he knows how, and is able to do so, the testator must sign his name at the end of the testament and on each other separate page of the instrument.
(2) In the presence of the testator and each other, the notary and witnesses must sign the following declaration, or one substantially similar: "This testament has been read aloud in our presence and in the pres *919 ence of the testator, such reading having been followed on copies of the testament by the witnesses [, and the notary if he is not the person who reads it aloud,] and in our presence the testator declared or signified that he heard the reading, and that the instrument is his testament, and that he signed his name at the end of the testament and on each other separate page; and in the presence of the testator and each other, we have subscribed our names this_day of_,_”
(3) If the testator does not know how to sign his name or is unable to sign because of a physical infirmity, he must so declare or signify and then affix his mark, or cause it to be affixed, where his signature would otherwise be required; and if he is unable to affix his mark he may direct another person to assist him in affixing a mark or to sign his name in his place. The other person may be one of the witnesses or the notary. In this instance, the required declaration must be modified to recite in addition that the testator declared or signified that he did not know how to sign his name or was unable to do so because of a physical infirmity; and that he affixed, or caused to be affixed, his mark or name at the end of the testament and on each other separate page.
(4) A person who may execute a testament authorized by either Article 1577 or 1578 may also execute a testament authorized by this Article.

. Bertha Smith was supposedly there, but she had no recollection of the day’s events.