WILLIAMS, J.
| iThe plaintiffs, James W. Dawson, James W. Dawson, Jr., Lawrence Dawson, Vicki D. Kelly, Charles Dawson, Donna D. Edwards, Patricia D. Gregory, Wilma D. Blackard, Virginia Sellers and Earl Stutts, appeal a partial summary judgment in favor of the defendant, George Dawson. The trial court found that the extrinsic evidence clarified the date of the will and that the attestation clause substantially com *423 plied with the statutory requirements. For the following reasons, we affirm.
FACTS
In July 2014, the decedent, Henry Dawson, died in Morehouse Parish. The decedent was never married and did not have any children. Decedent was survived by his brothers, nieces and nephews. Later that month, George Dawson, a nephew of the decedent, filed a petition to probate the last will of decedent, alleging that he was decedent’s sole heir. The petition further alleged that decedent had executed his will on February 28, 2013, in the presence of a notary public and two witnesses, awarding his entire estate to George Dawson, who sought to be appointed independent administrator of the estate without bond. In December 2014, a judgment of possession was rendered placing George Dawson into possession of decedent’s entire estate, which was valued at $2,774,600.
In August 2015, the plaintiffs, James W. Dawson, James W. Dawson, Jr., Lawrence Dawson, Vicki D. Kelly, Charles Dawson, Donna D. Edwards, Patricia D. Gregory, Wilma D. Blackard, Virginia Sellers and Earl Stutts, filed a petition to reopen the succession, vacate the judgment of possession and nullify the will. The petition alleged that the testament was a nullity because the first page was dated “February 28, 2103,” a date that has not 12occurred, and the attestation clause did not comply with the statutory requirements. The plaintiffs further alleged that the decedent lacked testamentary capacity when he executed the will. After discovery, the defendant, George Dawson, filed a motion for partial summary judgment on the issue of whether the will was in valid form, asserting that the date on the first page was a typographical error clarified by the date on the second page and the attorney’s affidavit.
After a hearing, the trial court issued oral reasons for judgment finding that the date on the first page of the will created an ambiguity which could be resolved by extrinsic evidence, including the affidavit of the attorney stating that the numbers of the date on the first page were transposed in error and that decedent had signed the will on February 28, 2013, as stated in the attestation clause. The court further found that the will’s attestation clause was substantially similar to the statutory language. The district court rendered judgment granting defendant’s motion for partial summary judgment on the issue of sufficiency of the form of the will and designating the judgment as final under LSA-C.C.P. art. 1915(B). Plaintiffs appeal the judgment.
DISCUSSION
The plaintiffs contend the district court erred in granting partial summary judgment in favor of the defendant. Plaintiffs argue that the will is invalid because the first page is dated “February 28, 2103,” a future date that has not occurred, and does not comply with the statutory requirements for the form of a notarial testament.
The notarial testament shall be prepared in writing and dated. If the testator is able to read and sign his name, then in the presence of a notary |sand two competent witnesses, the testator shall declare that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page. LSA-C.C. art. 1577(1). In the presence of the testator and each other, the notary and the witnesses shall sign a declaration substantially similar to the following: “In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each *424 other we have hereunto subscribed our names” on a specified date. LSA-C.C. art. 1577(2). This article requires that the testament be dated, but intentionally does not specify where the date must appear. Article 1577, revision comment (g). The statutory formalities for execution of a testament must be observed or the testament is absolutely null. LSA-C.C. art. 1573. There is a presumption in favor of the validity of testaments and evidence of the nonobservance of formalities must be exceptionally compelling to rebut that presumption. Succession of Holbrook, 2013-1181 (La. 1/28/14), 144 So.3d 845.
If the will is dated, then extrinsic evidence may be considered to resolve ambiguity regarding the date written in the testament. Succession of Holloway, 531 So.2d 431 (La. 1988). If the will bears two different dates, it is not stricken with invalidity. Rather, extrinsic evidence may be introduced to prove which date is the correct date. Succession of Songne, 94-1198 (La. App. 3rd Cir. 11/2/95), 664 So.2d 556, writ denied, 95-2877 (La. 2/2/96), 666 So.2d 1101.
Appellate courts review summary judgments de novo, using the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Argonaut Great Central Ins. Co. v. Hammett, 44,308 (La.App. 2 Cir. 6/3/09), 13 So.3d 1209, writ denied, 2009-1491 (La. 10/2/09), 18 So.3d 122. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and any affidavits show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
In the present case, plaintiffs argue in brief that because the testator read the will before he signed the page containing the future date of February 28, 2103, the district court should not have considered other evidence or the date of the attestation clause in determining the validity of the will. However, we find that the factual situation in this case is similar to that of Songne, supra, which involved a will dated November 6, 1991 on the first page and November 6, 1992 on the second page. In that case, the attorney who drafted the will and his assistants testified that Songne had signed his will in their presence on November 6, 1992, and that the first page was dated incorrectly due to a clerical error. The court considered this evidence and found that the will was validly executed.
Here, attorney Yeldell attested by his affidavit and deposition that in typing the will, he had mistakenly ti-ansposed the numbers of the year 2013 on the first page, which was dated incorrectly as “2103” as the result of a typographical eiror. Yeldell further testified that he personally witnessed the testator execute the will on February 28, 2013, the date stated in the attestation clause. Plaintiffs did not contradict attorney Yeldell’s affidavit regarding the correct date of the will. Based upon the applicable law, we cannot say the district court erred in considering this extrinsic evidence in determining that the will was dated as required by Article 1577. Thus, this assignment of error lacks merit.
|sThe plaintiffs contend the district court erred in finding that the form of the attestation clause complies with the statutory requirements. They argue that the testament is null because the attestation clause is defective.
In order for a notarial testament to be valid as to form, (1) the testator must declare in the presence of a notary and two witnesses that the instrument is his testament, (2) the testator must sign his name at the end of the testament and on each separate page, and (3) the notary and *425 two witnesses must sign a declaration in the presence of each other and the testator attesting that the formalities of Article 1577 have been followed. Succession of Smith, 49,118 (La.App. 2 Cir. 8/13/14), 146 So.3d 917.
For a valid notarial will, there must be an attestation clause, or clause of declaration. However, its form is not sacrosanct. Succession of Smith, supra. The attestation clause may use the form suggested in the statute, or use language substantially similar thereto. The attestation clause is designed to demonstrate that the facts and circumstances of the execution of the instrument conform to the statutory requirements. Courts liberally construe and apply the provisions of Article 1577, maintaining the validity of the will if at all possible, as long as the will is in substantial compliance with the statute. Succession of Holbrook, supra.
In the present case, the declaration on page two of the will states: “Signed and declared by Henry Earl Dawson, above named in our presence, on each of its pages, and declared by the Testator in our presence to be his last will and testament, and in the presence of the Testator and of each other, we, the undersigned Notary Public and witnesses, have hereunto subscribed our names this 28th day of February, 2013.” The plaintiffs argue that the 1 ^attestation clause is defective because there is no declaration that the testator signed the will at its end.
The attestation clause confirms that the testator declared that the instrument was his will and signed in the presence of the witnesses and notary on the stated date. Although the attestation clause of the will is not identical to the statutory declaration that the testator signed the will “at the end,” the will itself demonstrates that the testator signed at the bottom of page one after the provision bequeathing all property to the defendant and signed at the end of page two. The authority cited by plaintiffs does not support their argument that the will, which is clearly signed by the testator at the end and on each separate page, is invalid because the attestation clause does not state that obvious fact.
After reviewing the evidence contained in the record, we conclude that the language of the will’s attestation clause substantially complies with the requirements of Article 1577(2). Thus, the district court did not err in granting partial summary judgment in favor of the defendant. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the district court’s partial summary judgment is affirmed and this matter is remanded for further proceedings. Costs of this appeal are assessed to the appellants, James W. Dawson, James W. Dawson, Jr., Lawrence Dawson, Vicki D. Kelly, Charles Dawson, Donna D. Edwards, Patricia D. Gregory, Wilma D. Blackard, Virginia Sellers and Earl Stutts.
AFFIRMED.