STONE, J.
The trial court denied Steven D. Pelfrey's petition to have the last will and testament of Strouder C. Pelfrey declared invalid for failure to meet the requirements of La. C.C. art. 1577. Steven D. Pelfrey now appeals. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Strouder C. Pelfrey ("the decedent") died testate on August 25, 2015. On February 29, 2016, the decedent's son, Steven D. Pelfrey ("Steven"), filed a petition and rule to show cause requesting the trial court appoint him as administrator and declare the last will and testament of the decedent, dated January 14, 2014, invalid. Steven argued the will did not contain a sufficient attestation clause, and thus, did not meet the requirements of La. C.C. art. 1577 (" Article 1577"). On May 9, 2016, Theresa D. Pelfrey ("Theresa") filed a petition to probate the will and be appointed executrix as designated by the decedent in his will. On July 15, 2016, the trial court appointed Theresa executrix of the decedent's estate pending the result of Steven's petition.
*609 A hearing on Steven's petition was held on November 17, 2016. On January 24, 2017, the trial court issued written reasons for judgment and found the decedent's will valid because it met the requirements of Article 1577. On July 19, 2017, the trial court rendered a final judgment denying Steven's petition. Steven now appeals.
DISCUSSION
The formalities prescribed for the execution of a testament must be observed or the testament is absolutely null. La. C.C. art. 1573. The purpose of prescribing formalities for the execution of wills is to guard against mistake, imposition, undue influence, fraud or deception, to afford a means of determining the will's authenticity, and to prevent substitution of some other writing in its place. Succession of Roussel , 373 So.2d 155, 158 (La. 1979).
Article 1577 provides:
The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.
(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this ____ day of _________, ____."
In order for a notarial testament to be valid as to form, (1) the testator must declare in the presence of a notary and two witnesses that the instrument is his testament, (2) the testator must sign his name at the end of the testament and on each separate page, and (3) the notary and two witnesses must sign a declaration in the presence of each other and the testator attesting that the formalities of Article 1577 have been followed. Succession of Dawson, 51,005 (La. App. 2 Cir. 11/16/16), 210 So.3d 421, 424-25.
For a valid notarial will, there must be an attestation clause or clause of declaration. However, its form is not sacrosanct. Successions of Toney , 2016-1534 (La. 05/03/17), 226 So.3d 397, 409 ; Succession of Morgan , 257 La. 380, 242 So.2d 551, 552 (1970) ; Succession of Dawson , supra at 425. The attestation clause may use the form suggested in the statute or use language substantially similar thereto. The attestation clause is designed to demonstrate that the facts and circumstances of the execution of the instrument conform to the statutory requirements. Successions of Toney, supra at 409-10 ; Succession of Morgan, supra; Succession of Dawson, supra . Courts liberally construe and apply the provisions of Article 1577, maintaining the validity of the will if at all possible, as long as the will is in substantial compliance with the statute. In re Succession of Holbrook, 2013-1181 (La. 01/28/14), 144 So.3d 845, 851 ; Succession of Dawson, supra .
Steven argues the trial court erred in finding the decedent's will substantially complies with the requirements of Article 1577. The last page of the decedent's will contained two attestation clauses, one for the decedent and one for the notary and two witnesses:
IN TESTIMONY WHEREOF , I have signed this, my Last Will and Testament, consisting of two (2) typewritten *610 legal pages, in the presence of the undersigned Notary Public and two competent witnesses hereinafter signed at Farmerville, Union Parish, Louisiana, on this the 14th day of January, 2014.
/S/ STROUDER CALVIN PELFREY, TESTATOR
The Testator has signed this Will at the end and on each other separate page and has declared or signified in our presence that it is his Last Will and Testament, and in the presence of Testator and each other, we have hereunto subscribed our names on this the 14th day of January, 2014.
WITNESSES:
/S/ Melissa Bryan
/S/ Dee Massey
/S/ STROUDER CALVIN PELFREY, TESTATOR
/S/ Deanna D. McCallum, Notary Public
According to Steven, the attestation clause signed by the notary and witnesses does not state the will was signed by the decedent in the notary's and witnesses' presence, and thus, does not substantially comply with the requirements of Article 1577.
Under Louisiana law, there is a presumption in favor of the validity of testaments and evidence of the nonobservance of formalities must be exceptionally compelling to rebut that presumption. In re Succession of Holbrook, supra at 853, ; Succession of Dawson, supra at 423. In construing the attestation clause of a statutory will, the court does not require strict, technical, and pedantic compliance in the form or in the language of the will, but examines the clause to see whether there is substantial adherence to form and whether it shows facts and circumstances which show compliance with the formal requirements for testamentary validity. Succession of Morgan, supra at 553 ; In re Succession of Hebert , 2012-281 (La. App. 3 Cir. 10/03/12), 101 So.3d 131, 140.
Although the attestation clause signed by the notary and two witnesses deviates from the language provided in Article 1577, we do not find the deviation to be significant or material as to render the instrument absolutely null. The decedent certified in the first attestation clause that he signed his name at the end and on each separate page and declared the instrument to be his testament in the presence of the notary and two witnesses. In the second attestation clause, the notary and witnesses certified that in their presence the decedent signed his name at the end and on each separate page and declared the instrument to be his testament. Thus, the decedent's will substantially complied with the requirements of Article 1577 and the trial court did not err in denying Steven's petition.
CONCLUSION
For the foregoing reasons, the trial court judgment denying Steven's petition to have the decedent's last will and testament declared invalid is affirmed. Costs of this appeal are assessed to Steven.
AFFIRMED.