## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2022 CA 1316

## SUCCESSION OF VERNON PERRY LABAUVE, SR.

*DATE OF JUDGMENT:* AUG 0 8 2023

ON APPEAL FROM THE EIGHTEENTH JUDICIAL DISTRICT COURT

NUMBER 2007854, DIVISION D

HONORABLE ELIZABETH A. ENGOLIO, JUDGE

\* \* \* \* \* \*

| | |
|---|---|
| Russell W. Beall<br>William W. Thies<br>Jacob H. Thomas<br>G. Aaron Humphreys<br>Baton Rouge, Louisiana | Counsel for Plaintiff-Appellant<br>Vernon P. LaBauve, Jr. |
| Gregory Oran Wilson<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellee<br>Barbara LaBauve |
| Maxwell LaBauve<br>Carlsbad, California | Defendant-Appellee<br>In Proper Person |
| Madison LaBauve<br>San Diego, California | Defendant-Appellee<br>In Proper Person |
| Claire LaBauve<br>Oceanside, California | Defendant-Appellee<br>In Proper Person |

\* \* \* \* \* \*

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**Disposition:** APPEAL OF SEPTEMBER 13, 2022 JUDGMENT DISMISSED. APPEAL OF SEPTEMBER 14, 2022 JUDGMENT MAINTAINED; JUDGMENT REVERSED; AND REMANDED.

**CHUTZ, J.**

Appellant, Vernon P. LaBauve, Jr. (Vernon Jr.), appeals from a partial summary judgment granted in favor of appellee, Barbara LaBauve (Barbara), holding the December 22, 2021 last will and testament (the will)[1] of testator, Vernon Perry LaBauve, Sr., complied with the formalities required by La. C.C. art. 1577. Finding that genuine issues of material facts exist precluding summary judgment, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

The testator, Vernon P. LaBauve, Sr. (Vernon Sr.), died on December 27, 2021, in West Baton Rouge Parish. He was survived by his wife, Barbara, his only child, Vernon Jr., and several grandchildren. On January 24, 2022, Vernon Jr. filed a petition to be appointed administrator of the testator's succession. Vernon Jr. alleged the succession was intestate since there was "no probatable [sic] testament in existence." He asserted the will contained too many deficiencies to be a valid notarial testament and, moreover, was executed at a time when the testator lacked capacity to execute a will.

On February 17, 2022, Barbara filed a petition to probate the will, which was executed by the testator on December 22, 2021 (attached hereto as Appendix "A"), only five days prior to his death, and to be appointed testamentary executrix. The last provision of the will appoints Barbara as executrix of the testator's succession and is followed immediately by the testator's signature and the following declaration:

> This is my Last Will and Testament which I have signed on each of these pages on the date herein above stated and in the presence of the undersigned Notary Public and witness, after due presentation and declaration by me, Testator, that this is my Last Will and Testament.

---

[1] While the testator had previously executed a will on April 5, 2001, he declared in his 2021 will that it was his "[l]ast Will and Testament, thereby revoking all others."

2

This declaration is followed by the signatures of the testator and the two witnesses to the will. Below their signatures, an attestation clause appears, which states:

> Signed and declared by the Testator above named on each and every page and in our presence to be Testator's Last Will and Testament, and in [the presence] of the Testator and each other, we have hereunto subscribed our names of this the 22 day of December, ~~2019.~~ 2021

The signatures of the testator and the notary, but not the two witnesses, appear beneath the attestation clause.

On February 22, 2022, following a telephone status conference, the district court signed an order appointing Barbara as executrix of the testator's succession and ordering the will to be filed and executed in accordance with its terms. Under La. C.C.P. art. 2891, such an order has the effect of probate. With the agreement of the parties, the district court bifurcated the issue of the will's validity as to form and the issue of the testator's capacity.

On May 9, 2022, Vernon Jr. filed a motion to vacate the February 22, 2022 order probating the will. He alleged the order should be stricken for ill practices because a contradictory hearing was not held before the order was issued even though he had previously filed a pleading challenging the validity of the will. Additionally, he asserted the order was not circulated for review prior to its signing as required by local court rules, thereby depriving him of an opportunity to object.

On July 22, 2022, Barbara filed a motion for partial summary judgment requesting that the district court enter judgment holding the will was in substantial compliance with the requirements for a notarial will under Louisiana law. In addition to attaching the will to her supporting memorandum, Barbara also attached affidavits from the two witnesses and the notary who signed the will describing the circumstance surrounding the execution of the will. In his

3

opposition memorandum, Vernon Jr. objected to the affidavits of the two witnesses and the notary, arguing the will "must be able to stand on its own accord."[2]

On August 23, 2022, a hearing was held on Barbara's motion for partial summary judgment and Vernon Jr.'s motion to vacate the district court's probate order. After hearing the arguments of the parties, the district court orally denied Vernon Jr.'s motion to vacate but sustained his objection to Barbara's supporting affidavits. The court believed extrinsic evidence could not be considered in determining whether the will complied with the requirements of Louisiana law. At the conclusion of the hearing, the district court took the motion for partial summary judgment under advisement.

Subsequently, on August 31, 2022, Vernon Jr. filed an amending petition in which he requested a declaration that the testator's December 2021 will, as well as his prior 2001 will, were both absolutely null due to noncompliance with the formalities required by Louisiana law. As to the 2021 will, Vernon Jr. also argued the testator lacked capacity because he was under heavy sedation and receiving palliative care at the time the will was executed.

On September 13, 2022, the district court signed a judgment denying Vernon Jr.'s motion to vacate and granting his motion to strike the affidavits attached to Barbara's petition to probate and to her motion for summary judgment. In a separate judgment, signed on September 14, 2022, the district court granted Barbara's motion for partial summary judgment and held the will was "in proper notarial form according to art. 1577."

Vernon Jr. filed a motion for appeal of "both the interlocutory Judgment, dated September 13, 2022, and the final Judgment, dated September 14, 2022." The district court signed an order granting an appeal from both judgments. In

---

[2] Vernon Jr. also had previously filed a motion to strike these affidavits as attachments to Barbara's petition to probate the will.

4

three assignments of error, Vernon Jr. argues the district court erred in finding the will satisfied the formalities required by Article 1577 and in probating the will without holding a contradictory hearing.

## APPEALABILITY

On December 13, 2022, this court *ex proprio motu* issued a rule ordering the parties to show cause why the appeal should not be dismissed since it was taken from a partial judgment lacking a designation of finality, as required by La. C.C.P. art. 1915(B). Thereafter, the appellate record was supplemented with an amended judgment signed on December 19, 2022, in which the district court amended the September 14, 2022 judgment to designate it "as a final judgment ... predicated on a determination that there is no just reason for delay." On March 6, 2023, a different panel of this court referred the rule to show cause to the appeal panel. Given the importance the issue regarding the will's alleged deficiencies has to all further proceedings in this succession matter, we find no error in the district court's designation of the September 14, 2022 judgment as being immediately appealable. Therefore, we maintain the appeal of this judgment.

As to Vernon Jr.'s appeal of the September 13, 2022 judgment denying his motion to vacate the district court's February 2022 probate order, we note this appeal was taken from a nonappealable interlocutory[3] judgment that cannot properly be certified as immediately appealable under La. C.C.P. art. 1915(B). See *Acadian Properties Northshore, L.L.C. v. Fitzmorris*, 19-1549 (La. App. 1st Cir. 11/12/20), 316 So.3d 45, 48 n.4. There is no provision of law allowing for the appeal of a judgment denying a motion to vacate an order of the district court. See La. C.C.P. art. 2083 (providing an interlocutory judgment is appealable only when expressly provided by law). Nor is Vernon Jr. entitled to appellate review of this

---

[3] Under La. C.C.P. art. 1841, a judgment that does not determine the merits is an interlocutory judgment.

5

judgment under the legal principle that when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him in addition to the review of the final judgment. The appeal of the September 14, 2022 partial summary judgment pursuant to La. C.C.P. art. 1915(B) is a restricted appeal limited to the issues raised in the motion for summary judgment. See *Cotton v. Dollar Tree Stores, Inc.*, 13-1103 (La. App. 1st Cir. 2/18/14) (unpublished), 2014 WL 651543, at *2 n.4. Although appellate courts have broad discretion to convert an appeal to a writ application, we decline to convert the appeal of the September 13, 2022 judgment to an application for supervisory writs.

## APPLICABLE LAW

A motion for summary judgment shall be granted only if the motion, memorandum, and supporting documents admitted for purposes of the motion for summary judgment show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) & (4). Appellate courts review the granting or denial of a motion for summary judgment *de novo* under the same criteria governing the district court's consideration of whether summary judgment is appropriate. *Ritchey v. State Farm Mutual Automobile Insurance Company*, 17-0233 (La. App. 1st Cir. 9/15/17), 228 So.3d 272, 275.

In ruling on a motion for summary judgment, the district court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of material fact. A genuine issue is one as to which reasonable persons could disagree. All doubts should be resolved in the non-moving party's favor. *Ritchey*, 228 So.3d at 275. The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). Because it is the applicable substantive law that determines materiality, whether a particular fact in

6

dispute is material can be seen only in light of the substantive law applicable to the case. *Hernandez v. Livingston Parish School Board*, 21-0764 (La. App. 1st Cir. 3/30/22), 341 So.3d 680, 683.

The governing provision in this case is Article 1577, which sets forth the formalities required for executing a notarial will, as follows:

> The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:
>
> (1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.
>
> (2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this ____ day of _____, ____."

Louisiana Civil Code article 1573 provides that "[t]he formalities prescribed for the execution of a testament must be observed or the testament is absolutely null."

The purpose of our legislature in adopting first the statutory will, then the notarial will, from the common law was to avoid the rigid formalities of the civil law. In accordance with this intent, courts liberally construe the statute, maintaining the validity of a notarial will as long as it is in substantial compliance with the statute. To rebut the presumption in favor of the will's validity, there must be "exceptionally compelling" proof of the failure to meet the required formalities. *Succession of Liner*, 19-02011 (La. 6/30/21), 320 So.3d 1133, 1137.

The formalities of a notarial will serve the protective function of guarding the testator against the risk of fraud. The *Liner* Court cautioned, however, that in guarding against the risk of fraud, courts should not elevate form over function, thereby undermining the very purpose the formalities serve. *Liner*, 320 So.3d at

7

1137. Thus, whether a deviation is material or slight is a function of, not independent from, the risk of fraud. *Liner*, 320 So.3d at 1138.

In *Liner*, the Louisiana Supreme Court set forth the following framework for reviewing the validity of a notarial will that deviates from the required statutory formalities:

> Courts must determine if a notarial will, with all formalities and evidence taken into consideration, reflects the testator was sufficiently protected against the risk of fraud. This involves a contextual analysis of the protective function of a will's formalities in light of the document itself. ... If the court's analysis reveals an increased likelihood that fraud may have been perpetrated, the deviations are material and cause to nullify the will exists. If not, the deviations are slight and should be disregarded. Whether the deviating language sufficiently protects against the risk of fraud is construed liberally in favor of maintaining the validity of the will. Mere allegations of fraud are not outcome determinative.

*Liner*, 320 So.3d at 1138. (Citations omitted.)

The *Liner* Court explained that the principal function of a witness attestation clause is to supply a source of proof that the testator signed what he had indicated to be his will. *Liner*, 320 So.3d at 1139 n.2. While it undoubtably is the best practice to utilize the statutory language provided for an attestation clause, strict compliance with that language "is not the governing standard." *Liner*, 320 So.3d at 1139; see also La. C.C. art. 1577(2) (providing the attestation clause need only be "substantially similar" to the language provided). In *Liner*, the witness attestation clause failed to state the testator had signed each page in the presence of the witnesses and the notary, which is a statutory requirement for the execution of a notarial will. Despite this deviation in the attestation clause, the *Liner* Court indicated the witnesses could provide evidence, either in person or by affidavit, at a trial on the merits on the issue of whether the testator actually signed each page of the will in their presence as required. *Liner*, 320 So.3d at 1139 & n.2. Ultimately, the *Liner* Court upheld the decision of the Second Circuit, which reversed the district court's nullification of the will.

8

## DISCUSSION

In this case, Vernon Jr. argues the will fails to comply with the formalities required by Article 1577 and, therefore, is invalid due to a number of alleged deficiencies. Foremost among them is his contention that the will lacks a properly executed and signed witness attestation clause since the two witnesses signed their names above, rather than below, the attestation clause.

The Second Circuit dealt with a similar situation in *In re Succession of Sampognaro*, 38,112 (La. App. 2d Cir. 1/28/04), 865 So.2d 307, where the witnesses and notary signed above, rather than below, the attestation clause. The Second Circuit noted that the witnesses and notary signing above the attestation clause created doubt or uncertainty because it raised the possibility that the attestation clause was added after the witnesses and notary had signed their signatures. Rather than finding this doubt invalidated the will, however, the Second Circuit held this was the type of doubt upon which the court could "hear testimony and entertain evidence." Accordingly, the Second Circuit reversed the district court judgment invalidating the testator's will and remanded the matter for further proceedings. *In re Succession of Sampognaro*, 865 So.2d at 310.

This result is in accordance with the Louisiana Supreme Court's holding in *Liner* that evidence may be considered to resolve any doubt regarding whether the formalities normally verified by the notary and witnesses in an attestation clause were observed when the attestation clause deviates from the statutory language provided.[4] See *Liner*, 320 So.3d at 1139 & n.2. It is also consistent with the

---

[4] Both *In re Succession of Sampognaro* and the instant case are distinguishable from *In re Succession of Richardson*, 05-0552 (La. App. 1st Cir. 3/24/06), 934 So.2d 749, 752, writ denied, 06-0896 (La. 6/2/06), 929 So.2d 1265, in which this court stated there was no procedure allowing the witnesses to a will to testify as to its validity. First, *Richardson* involved a situation where the disputed will contained absolutely no attestation clause. By contrast, the will in the instant case contains an attestation clause although the witnesses signed above rather than below the attestation clause. Second, *Richardson* was decided before *Liner*, wherein the Louisiana Supreme Court indicated the witnesses could be produced in person or by affidavit at a trial on the merits to prove or contest the contents of a will. See *Liner*, 320 So.3d at 1139 n.2.

9

principle that courts should liberally construe wills so as to maintain their validity, if at all possible, as long as the will is in substantial compliance with the statute. *Liner*, 320 So.3d at 1137.

In the present case, while we believe evidence from the two witnesses to the will would be admissible to resolve any doubt created by their signing above the attestation clause, the matter is before us on a motion for partial summary judgment. In ruling on a motion for summary judgment, a court can consider only evidence admitted for purposes of the motion. La. C.C.P. art. 966(D)(2); *Lowe v. Noble, L.L.C.*, 16-0165 (La. App. 1st Cir. 5/9/17), 220 So.3d 761, 765. Although Barbara presented affidavits from the two witnesses and the notary in support of her motion for summary judgment, Vernon Jr. objected to the affidavits in his opposition to Barbara's motion for partial summary judgment, and the district court sustained the objection. Because Barbara has not sought review of the district court's ruling excluding the affidavits either by supervisory writ or by answer to this appeal, we cannot consider the affidavits in reviewing the propriety of the summary judgment. Without the affidavits, the ambiguity resulting from the placement of the witnesses' signatures above, rather than below, the attestation clause remains unresolved. This ambiguity creates a genuine issue of material fact as to whether the formalities required for the execution of a notarial will under Article 1577 were complied with in this case. Since no evidence was admitted to resolve the ambiguity and establish the formalities of Article 1577 were met, Barbara failed to sustain her burden of proving she was entitled to summary judgment. Given this unresolved issue of material fact, the district court erred in granting partial summary judgment in her favor.[5]

---

[5] Vernon Jr. also contends the will is deficient and fails to meet the requirements of Article 1577 because the two-page will is not typed in its entirety, some portions of it being handwritten; the page numbering is confusing, thereby creating uncertainty as to whether the two-page document is actually one or two wills; the testator initialed the page numbers rather than signing his signature and, moreover, he initialed above rather than below the page numbers; and the typed

10

## CONCLUSION

For the reasons assigned, the appeal of the district court's September 13, 2022 judgment denying appellant's motion to vacate is dismissed. The appeal of the district court's September 14, 2022 judgment is maintained, and the partial summary judgment granted by the district court is hereby reversed. This matter is remanded to the district court for further proceedings consistent with this opinion. Each party is to pay one-half of the costs of this appeal.

**APPEAL OF SEPTEMBER 13, 2022 JUDGMENT DISMISSED. APPEAL OF SEPTEMBER 14, 2022 JUDGMENT MAINTAINED; JUDGMENT REVERSED; AND REMANDED.**

---

year in the purported witness attestation clause is crossed out and the year "2021" is handwritten in place of "2019." Due to our conclusion on different grounds that summary judgment was inappropriately granted, we need not consider these alleged deficiencies. We note, however, that Article 1577 merely requires a will to be in writing. Comment (d) of the 1997 Revision Comments to this article states, "[t]he form of the writing (typewritten, mimeographed or any other form) is immaterial." Further, a plain reading of the two-page will indicates it is one document, despite the misnumbering/reversal of the page numbers. Moreover, it is immaterial that the testator initialed rather than signed above the page numbers because the testator is only required to sign the will at the end of the dispositive, appointive or directive provisions and on each separate page, which he did. See La. C.C. art. 1577(1) and Comment (b), 1997 Revision Comments. Article 1577(1) does not require any further signatures. *In re Siverd*, 08-2383 (La. App. 1st Cir. 9/11/09), 24 So.3d 228, 231. Finally, a will is not automatically invalidated due to an ambiguity concerning a date because extrinsic evidence may be introduced to resolve an ambiguity as to the date. See *Succession of Dawson*, 51,005, (La. App. 2d Cir. 11/16/16), 210 So.3d 421, 424; see also *In re Succession of Holbrook*, 13-1181 (La. 1/28/14), 144 So.3d 845, 849 n.1.