Judgment rendered December 18, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,974-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SUCCESSION OF OTIS THOMAS
AND MABLE LAWRENCE THOMAS

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Franklin, Louisiana
Trial Court No. 48,161

Honorable Stephen G. Dean, Judge

* * * * *

| | |
|---|---|
| MICHAEL W. KELLY | Counsel for Appellants, Stephanie Foy Wilhite and Kimona Arthur Guillory |
| E. MICAH HOGGATT | Counsel for Appellee, Daryl Higgins |
| MICHAEL R. ELLINGTON | Counsel for Appellees, Siblings of Mabel Lawrence Thomas, Leah Lawrence Watson, Freddy Lawrence and Sherman Lawrence |
| CAREY ELLIS, III | Counsel for Appellees, Siblings of Otis Thomas, Willie Thomas, David Thomas, Frank Thomas, and Alfred Thomas |

* * * * *

Before PITMAN, COX, and ROBINSON, JJ.

**COX, J.**

These civil appeals arise from the Fifth Judicial District Court, Franklin Parish. Three docket numbers were assigned at the trial court pertaining to the successions of Otis Thomas and Mabel Lawrence Thomas, husband and wife. Mabel's siblings filed a petition to open her intestate succession in the case underlying Docket No. 55,972-CA; two of Otis's putative children filed to establish paternity, and his siblings petitioned the trial court to name one of his brothers as the independent administrator in the case underlying Docket No. 55,973-CA; and Otis's putative children filed a petition to probate two notarial testaments executed by Otis and Mabel on May 22, 2012, in the case underlying Docket No. 55,974-CA.

Otis's putative children, Stephanie Wilhite and Kimona Guillory, (hereinafter referred to as "the Children") appeal the trial court's judgment ruling the two notarial testaments executed by Otis and Mabel were invalid and null. For the following reasons, we affirm the trial court.

## FACTS

No children were born of the marriage between Otis and Mabel Thomas. Mabel died on November 5, 2021, and Otis died on April 25, 2022. The following three suits were filed after their deaths:

*Docket No. 55,972-CA (Trial Court No. 47,936C)*

On April 25, 2022, Leah Watson ("Leah"), Mabel's sister, filed a notice of application for appointment of administratrix of Mabel's succession in accordance with La. C.C.P. arts. 3091 and 3093. On May 18, 2022, the Children also filed a request for notice of application for appointment of administrator or administratrix.

On October 19, 2022, Leah, Freddy Lawrence, and Sherman Lawrence filed a petition for appointment of administrator. They requested that Elbert Lawrence be appointed as administrator of Mabel's succession.

On November 14, 2022, the Children filed an objection to the appointment of administrator. They alleged that Mabel died testate, the testament was filed under a separate docket number (No. 48,161), and Stephanie was appointed independent executrix of both Otis's and Mabel's successions.

*Docket No. 55,973-CA (Trial Court No. 47,937C)*

On April 25, 2022, Leah filed a notice of application for appointment of administratrix of Otis's succession in accordance with La. C.C.P. arts. 3091 and 3093. On May 18, 2022, the Children also filed a request for notice of application for appointment of administrator or administratrix.

On June 20, 2022, the Children filed a petition to establish filiation. They stated that Otis died intestate; his May 22, 2012 will was invalid; and he had affairs with their respective mothers nine months before they were born. The Children requested blood/tissue samples from Otis's brothers to determine paternity.

On September 16, 2022, Willie Thomas, Otis's sibling, filed an application to be appointed administrator of Otis's succession. The trial court signed an order appointing Willie as administrator on September 19, 2022.

On October 28, 2022, Ladarrell Jerrell Higgins filed a petition to establish filiation. He alleged that Otis had a romantic relationship with his mother nine months before he was born and requested blood/tissue samples from Otis's siblings to determine paternity. Higgins included the affidavit of

2

his mother. She stated that Otis was Higgins' father, and Otis acknowledged to Frank Thomas that Higgins was his son.

On February 3, 2023, the Children filed a motion to amend the petition to establish filiation and consolidate their suits with No. 48,161. They stated that they held a familial relationship with Mabel as their mother and a familial and biological relationship with Otis as their father. They sought to amend their filiation petition to state that Otis left a valid will, and they were uncertain of the biological relationship between Otis and his brothers. The Children stated that they were named and acknowledged as daughters of Otis in his will.

*Docket No. 55,974-CA (Trial Court No. 48,161)*

On October 4, 2022, Stephanie filed a petition for probate of testament and independent administration of Otis's and Mabel's successions. Otis stated in his two-page last will and testament, "I have two children, namely: Stephanie Foy and Kimonia Guillory. No other children were born to me, and I have neither acknowledged any other children, either formally or informally, nor have I ever adopted any other children."[1] He stated that if Mabel predeceased him, then he leaves "all that I die possessed of [sic] Stephanie Foy, Kimonia Guillory, Morgan Hill, and Andrea Delone Estes to share and share alike in equal parts." The attestation clause provided the following:

> This will, consisting of two (2) pages, has been prepared and typewritten under my direction for execution in accordance with the provisions of La Rev Stat § 9:2442, and, accordingly, has been signed by me, Otis Thomas, testator, on the date first above written, in the presence of the undersigned notary public and witnesses, after due presentation and declaration by me,

---

[1] Kimona's name is also spelled "Kimonia" in the record.

3

Otis Thomas, testator, that this is my last will and testament and I have signed my name at the end of the will and on each page.

Mabel's last will and testament is almost identical to Otis's will. However, Mabel stated that she did not have any children. She left everything to Otis; and if he predeceased her, she left everything to Stephanie Foy, Kimonia Guillory, Morgan Hill, and Andrea Delone Estes. The attestation clause in her will provided the following:

This will, consisting: of two (2) pages, has been prepared and typewritten under my direction for execution in accordance with the provisions of La Rev Stat § 9:2442, and, accordingly, has been signed by me, Mabel Lawrence Thomas, testator, on the date first above written, in the presence of the undersigned notary public and witnesses, after due presentation and declaration by me, Mabel Lawrence Thomas, testator, that this is my last will and testament and I have signed my name at the end of the will and on each page.

Both wills were signed by two witnesses and a notary, attorney C. Arnold Lain.

On October 11, 2022, Stephanie was appointed and confirmed as testamentary independent executrix of both successions. On October 18, 2022, Leah filed an ex parte motion to set aside the order, arguing that an action between identical parties has already commenced under Docket Nos. 47,936 and 47,937. She requested that the order appointing Stephanie as administrator be set aside. The trial court signed the order setting aside the appointment of Stephanie effective immediately.

A hearing was held on November 14, 2022, for all three docket numbers. All parties agreed to provide an accounting for any assets in their possession or control, and the validity of the testaments would be argued at a later hearing.

4

On February 9, 2023, a hearing was held regarding the validity of the wills. Arnelia Short testified that she witnessed Otis's will on May 22, 2012, in Attorney Lain's office. Ms. Short stated that she saw Otis sign the will on both pages, she was presented with the document, and the document was read aloud. She testified that Otis seemed to be aware of what was going on during the signing, and she did not recall anything being "out of order" that day. On cross-examination, Ms. Short stated that the last clause did not include the words "our," "each other," or "we."

Grace Blount testified that she knew Otis and Mabel and suggested to Mabel that they come into her office and have their wills done. Ms. Blount was a secretary for Attorney Lain. She testified that she witnessed Otis's will and was present when he signed both pages. She stated that she was presented with the will, and it was read aloud. Ms. Blount stated that Otis appeared to understand what was being read to him, and there did not appear to be any stress or fraudulent activity that day. Ms. Short and Ms. Blount agreed that the people present at the time of the signing were themselves, Mr. Lain, Otis, and Mabel.

Elbert Lawrence testified that he took Mabel to the hospital on the day she passed away. He stated that after Mabel passed away, they found her 2012 will, and the envelope in which the will was found had "cancel" written on it. He testified that Mr. Wilhite was the one to show him the envelope with "cancel" written on it. He stated that he was not certain how many wills were in the envelope, but he knew Mabel's 2012 will was inside.

The attorneys submitted briefs regarding the validity of the wills. On October 19, 2023, the trial court issued its judgment and written reasons for

judgment declaring the wills to be invalid or absolutely null. The trial court

stated the following:

> Having considered these memoranda and the statutes and case cited therein, in light of the language and wording of the Wills themselves and the testimony received at the hearing on this Motion to Rescind, the Court is of the opinion that each of the Wills lacks a declaration, or "attestation clause", in the language of article 1577 or substantially similar thereto, by the notary and witnesses to each of the respective Wills.
>
> Each of the Wills are therefore declared to be absolutely null pursuant to the provisions of Civil Code Article 1573.
>
> Accordingly, all orders previously entered in Docket Number 48161 will be rescinded and withdrawn, and all proceedings under Docket Number 48,161 are terminated and closed.
>
> Any and all future matters concerning the Succession of Otis Thomas or Succession of Mabel Thomas shall be filed in the respective matter to which it applies under either Docket Number 47,936 or Docket Number 47,937.
>
> All costs of court associated with the filing of docket number 48161 and necessitated thereby shall be cast against Stephanie Foy Wilhite and Kimona Arthur Guillory.

The Children now appeal.

## DISCUSSION

*Attestation Clause*

The Children argue that the wills executed by Otis and Mabel

substantially comply with the attestation clause requirements set forth in La.

C.C. art. 1577. They argue that Otis and Mabel placed everyone on notice

of their wishes to dispose of their property in their wills, which were done by

authentic act. They submit that the attestation clauses in both wills, which

are identical, are sufficient to meet the requirements in La. C.C. art. 1577.

Appellees assert that the attestation clauses were not an attestation by

the notary and witnesses to wills. They argue that the attestation clause

before this Court is not an attestation clause. They state that because there is

6

no declaration by the notary and witnesses, as required by art. 1577, both wills are invalid. They argue that an attestation clause of a testator cannot be substituted as an attestation clause for the notary and witnesses.

In a will contest, an appellate court must accord great weight to the factual findings of the trial court and cannot disturb such findings in the absence of manifest error. *Succession of Rogers*, 51,267 (La. App. 2 Cir. 9/27/17), 243 So. 3d 1209. However, the trial court's interpretation and application of legal principles and statutory provisions are legal findings subject to de novo review. *Id.*

The formalities prescribed for the execution of a testament must be observed or the testament is absolutely null. La. C.C. art. 1573. A notarial testament is one that is executed in accordance with the formalities of Articles 1577 through 1580.1. La. C.C. art. 1576. The purpose of prescribing formalities for the execution of wills is to guard against mistake, imposition, undue influence, fraud or deception, to afford a means of determining the will's authenticity, and to prevent substitution of some other writing in its place. *Succession of Rogers, supra*.

La. C.C. art. 1577 provides:

The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:

(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.

(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the

7

presence of the testator and each other we have hereunto subscribed our names this ____ day of _____, ____."

Courts liberally construe and apply the laws governing notarial wills, maintaining the validity of the will if at all possible, as long as it is in substantial compliance with the statute. *Succession of Harlan*, 17-1132 (La. 5/1/18), 250 So. 3d 220. Because the purpose of an attestation clause is merely to "evince the facts and circumstances of the confection and execution" of a will, the form of an attestation clause is not "sacrosanct." *Succession of Liner*, 19-02011 (La. 6/30/21), 320 So. 3d 1133.

Courts must determine if a notarial will, with all formalities and evidence taken into consideration, reflects the testator was sufficiently protected against the risk of fraud. *Id.* Whether the deviating language sufficiently protects against the risk of fraud is construed liberally in favor of maintaining the validity of the will. *Id.*

In order for a notarial testament to be valid as to form, (1) the testator must declare in the presence of a notary and two witnesses that the instrument is his testament, (2) the testator must sign his name at the end of the testament and on each separate page, and (3) the notary and two witnesses must sign a declaration in the presence of each other and the testator attesting that the formalities of Article 1577 have been followed. *Succession of Watson*, 52,199 (La. App. 2 Cir. 8/15/18), 253 So. 3d 867.

In *Succession of Otillio*, 22-0606 (La. App. 1 Cir. 1/10/23), 361 So. 3d 19, the First Circuit found that the lack of an attestation clause by the notary and witnesses was a material deviation causing the will to be invalid. The *Otillio* case is similar to the case before us.

8

In this case, there is no attestation made by either the witnesses or the notary. As quoted above, both wills only contain an attestation by the testator/testatrix. The first and second requirements of a notarial testament are not questioned. However, the third requirement is that the notary and two witnesses sign a declaration in the presence of each other and the testator. This requirement is not met as there is no attestation by the witnesses and notary. We are unable to determine that the attestation is substantially similar to La. C.C. art. 1577 because it is nonexistent. We find this lack of attestation clause to be a material deviation. Therefore, both wills fail to comply with La. C.C. art. 1577(2) and are invalid. The rule of liberal construction set forth in *Liner, supra*, cannot create a declaration where none exists. *Succession of Otillio, supra*. This assignment of error lacks merit.

*Closing Docket No. 48,161*

The Children argued that the trial court erred in closing and terminating all proceedings in Docket No. 48,161. They assert that 48,161 was about not only the validity of the wills but also whether the wills contained a formal acknowledgment for purposes of filiation under La. C.C. art. 196.

After a careful review of the filings in Docket No. 48,161, we do not find that the trial court erred in terminating the proceedings. The Children did not make the acknowledgment argument under Docket No. 48,161. Instead, they raised the issue in their February 3, 2023, filings to amend their petition for filiation in Docket No. 47,937C. Additionally, during the February 9, 2023 hearing, the trial court stated that the hearing was limited

9

to the validity of the wills, and issues of filiation would be addressed at a later date.

The only issue in Docket No. 48,161 was the validity of the wills, which was disposed of by the trial court in its judgment. Therefore, the trial court properly terminated the proceedings in Docket No. 48,161. This assignment of error lacks merit.

*Costs*

The Children argue that the trial court erred in assessing all costs to them in Docket No. 48,161. They assert that they should not be cast with all costs, but each party should bear its own costs.

Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. La. C.C.P. art. 1920. On review, a trial court's assessment of costs can be reversed only upon a showing of abuse of discretion. *Saunders v. Hollis*, 44,490 (La. App. 2 Cir. 8/19/09), 17 So. 3d 482, *writ denied*, 09-2221 (La. 12/18/09), 23 So. 3d 945.

We do not find that the trial court's assessment of costs to the Children was in error. The Children opened this suit and sought to probate the wills that were declared invalid. As discussed above, that was the only issue in Docket No. 48,161. Therefore, we do not find the trial court's ruling to be an abuse of discretion. This assignment of error lacks merit.

**CONCLUSION**

For the reasons stated above, we affirm the trial court's judgment in declaring the wills of Mabel and Otis Thomas to be invalid. Costs

10

associated with this appeal are cast on Stephanie Wilhite and Kimona Guillory.

**AFFIRMED.**